## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| THE LOVESAC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. |
| | ) | |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| TRANSFORMER TABLE, INC. and | ) | |
| TRANSFORMER COUCH USA, INC., | ) | |
| | ) | |
| Defendant. | | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff the Lovesac Company ("Lovesac") for its complaint against Defendants Transformer Table, Inc. ("TT Canada") and Transformer Table USA, Inc. ("TT USA") (collectively, "Defendants") alleges as follows:

## THE PARTIES

1.      Plaintiff Lovesac is a Delaware corporation with a registered agent at 251 Little Falls Dr., Wilmington, DE 19808 and a principal place of business at Two Landmark Square, Suite 300, Stamford, CT 06901.

2.      Defendant TT Canada is a Canadian corporation with a principal place of business at 330 Av Avro, Pointe-Claire, QC H9R 5W5, Canada.

3.      Defendant TT USA is a Delaware corporation with a registered agent, CorpoMax Inc., located at 2915 Ogletown Rd, Newark, DE 19713.

4.      On information and belief, TT USA is a wholly-owned subsidiary of TT Canada and TT USA is merely a shell corporation for TT Canada's domestic business operations.  Also on information and belief, TT Canada and TT USA share substantially the same executives, board members, and decision makers.  Also on information and belief, TT Canada exercises exclusive

control over TT USA, including for the misconduct alleged herein.  TT USA, therefore, is merely an alter ego of TT Canada and the Defendants are effectively the same entity, at least for purposes of the misconduct alleged herein.

**JURISDICTION AND VENUE**

5.      This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq*.

6.      This Court has personal jurisdiction over TT USA because it is a Delaware corporation, it resides in Delaware, it has a registered agent in Delaware, and it has committed a substantial portion of the infringements giving rise to this action from Delaware.

7.      This Court has personal jurisdiction over TT Canada because its affiliations with Delaware are so continuous and systematic as to render it at home in this district, it has a wholly-owned subsidiary (TT USA) in Delaware, and it has committed a substantial portion of the infringements giving rise to this action from Delaware.

8.      Pursuant to 28 U.S.C. §§ 1391(b) and 1400(b), venue is proper in this District as to TT USA because it is a Delaware corporation with a Delaware registered agent and therefore resides in the District of Delaware, and as to TT Canada because it is a foreign corporation and "may be sued in any judicial district." *See In re HTC Corp.*, 889 F.3d 1349, 1360 (Fed. Cir. 2018).

**BACKGROUND**

9.      Lovesac was founded in 1995, when founder Shawn Nelson built the original eight-foot-wide foam-filled "Lovesac" in the basement of his parents' Utah home.

10.     In the early 2000s, Lovesac continued its innovative approach to furniture, and in 2005 invented an entirely new category of modular furniture. Lovesac's Sactionals® line of modular furniture introduced interchangeable furniture components designed such that numerous different product configurations could be created using a selection of modular components. Lovesac sought patents covering its innovative new design beginning in June 2005.

11.     The Sactionals innovative, patented 2-piece system leverages the interchangeability of its base and side components to allow for the construction of dozens of possible configurations, a few of which are shown below:



12.     In addition to being modular and reconfigurable, Sactionals separate back and side pieces makes Sactionals the perfect fit for smaller spaces where traditional non-modular furniture is difficult to move or install.

13.     Beginning in 2022, Defendants introduced infringing knock-offs of the Lovesac Sactionals modular furniture product called Transformer Modular Couch and Transformer Outdoor Seating (collectively "Accused Products").   The Accused Products copy innovative elements of Lovesac's Sactionals and infringe Lovesac's patent rights:



https://transformertable.com/collections/transformer-modular-couch

14.     As the specification for exemplary U.S. Patent No. 7,213,885 (the "'885 Patent") explains, customers appreciate furniture that can be easily cleaned, moved, and stored with ease, and which provides multiple functions.  *See, e.g.*, '885 Patent (Ex. A), at 1:24-53.  One aspect of the invention of the '885 Patent relates to a "modular furniture assembly that can be assembled,

4

disassembled, rearranged, moved, and cleaned in a quick and efficient manner with minimal effort." *Id.* at 1:57-59.

15.     According to the '885 Patent, "base(s) and transverse member(s) can be placed in a variety of different positions so as to form a variety of different chairs." *Id.* at 2:15-17.   The Patent describes this as follows:

> In an exemplary embodiment, the modular furniture assembly comprises a base, at least one transverse member and a coupler configured to facilitate the detachable coupling of the transverse member to the base so as to form a furniture assembly.
>
> In one exemplary embodiment, the base serves as a support surface on which a user can sit, and the transverse member acts as a resting surface for a user's back or arm. The coupler is configured to allow a user to quickly couple or decouple the transverse member and the base with minimal effort without the use of a tool. The ease of coupling a transverse member to the base enables a consumer to easily form many configurations of furniture assemblies.
>
> The base is configured such that it can be positioned adjacent the transverse member in a variety of ways and detachably coupled thereto so as to provide a variety of configurations of modular furniture assemblies. As such, many bases and transverse members can be utilized to form a variety of different furniture assemblies.

*Id.* at 1:60-67 and 2:1-11.

16.     The patent illustrates an example of this configuration in Figure 1:



**Fig. 1**

*Id.* at Fig. 1.  The '885 Patent discloses that this "standardized configuration of bases and transverse members enables a user to form a variety of different types and configurations of furniture assemblies." *Id.* at 2:30-33

17.    The '885 Patent discloses other benefits of the Sactionals innovative design.  For example, the '885 Patent discloses that such configurations are advantageous in manufacturing, "because a manufacturer can produce a series of bases that have a substantially similar configuration and a series of transverse members that have a substantially similar configuration, then arrange (or allow the end user to arrange) the bases and transverse members into a variety of configurations to form different types of furniture." *Id.* at 2:34-40.

18.    This flexibility also provides an advantage to the customer, who can combine bases and transverse members into many different configurations.  *See, e.g.*, *id.* at 2:40- 43.

19.    The '885 Patent further discloses that the modular nature of the claimed invention

is useful in moving furniture pieces into place:

> [T]he present invention enables the consumer to have a piece of furniture in a
> remote location where previously other pieces of furniture could not be moved due
> to their bulkiness and/or size. The present invention is easily disassembled, thus
> enabling a consumer to locate the base(s) and/or transverse member(s) in an
> otherwise inaccessible location and then assemble them to form a furniture
> assembly.

*Id.* at 3:1-8.

20.    In addition, the claimed invention of the '885 Patent also includes "removable outer

liners" for the transverse members and the base, which allows a customer to easily clean and

launder the modular furniture assembly.  *See, e.g.*, *id.* at 3:18-20.

21.    The '885 Patent further discloses exemplary coupler devices that allow the bases

and transverse members to be configured in numerous different ways, as shown in the exemplary

figure below:



*Id.* at Fig. 8.

22.    The Lovesac Sactionals product has received countless positive reviews from critics and influencers alike.  For example, in one review titled "Lovesac Sactional Review: My Recommendation After 4 Years," a reviewer summarized their opinion as follows:

> The Lovesac Sactional is the most versatile couch I have ever owned. It is also the most durable. I bought my first Sactional back in July of 2013. Just recently I bought another back and seat to expand it as my family is growing. Although this furniture isn't cheap, you definitely get what you pay for which is quality that will stand the test of time and kids.

Ben Trapskin, *Lovesac Sactional Review: My Recommendation After 4 Years*, THE SLEEP SHERPA, Oct. 13, 2021, available at https://sleepsherpa.com/lovesac-sactional-review-recomm endation-4-years/.

23.    Lovesac is the owner of U.S. Pat. Nos. 7,213,885 (the "'885 Patent"), 7,419,220 (the "'220 Patent"), 10,806,261 (the "'261 Patent"), 7,963,612 (the "'612 Patent"), and 11,253,073 ("'073 Patent") (collectively, the "Asserted Patents").  *See* Exhibits A-E.

24.    Lovesac marks its products, including its Sactionals line of products, in compliance with the Patent Marking Statute, 35 U.S. Code § 287.

25.    Defendants began manufacturing and selling the Accused Products in 2022, which infringe the Asserted Patents.

26.    Lovesac notified Defendants of their infringement in two cease-and-desist letters on September 7, 2023 and November 11, 2023, but Defendants' infringement has continued unabated.

27.    On their website, Defendants advertise at least six Accused Products under the Transformer Modular Couch line:



https://transformertable.com/collections/transformer-modular-couch

28.     Indeed, due to the modularity of the Accused Products—an advantageous and patented design aspect copied from Lovesac—there is an *infinite* number of unique configurations of the Accused Products.  Each distinct Accused Product, however, merely incorporates different configurations of the same components, and infringes the Asserted Patents in the same way.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,213,885

29.     Lovesac incorporates all of the allegations of the preceding paragraphs as if fully set forth herein.

30.     On May 8, 2007, the United States Patent Office duly and legally issued the '885 Patent.  A true and correct copy of the '885 Patent is attached as Exhibit A.

31.     Lovesac owns all rights in the '885 Patent.

32.     Lovesac provided actual notice to Defendants of their infringement of the '885 Patent prior to the filing of this lawsuit.

33.     As a non-limiting example, set forth below is an exemplary infringement claim chart for claim 1 of the '885 Patent in connection with the Accused Products.  This claim chart is based on publicly available information, and Lovesac reserves the right to modify this claim chart, including, for example, on the basis of information about the Accused Products that Lovesac obtains in discovery.

| US 7,213,885 | Accused Products |
|---|---|
| **Claim 1** | |
| **1P.** A modular furniture assembly, comprising: | <br>https://transformertable.com/pages/modular-sectional-sofas-and-couches |
| **1a.** a base comprising a frame assembly and **at least one foot** coupled to an underside of the frame assembly, wherein the at least one foot elevates at least a portion of the frame assembly above a floor upon which the base is positioned, the frame assembly having **at least one aperture** formed therein; | <br>Transformer Couch Manual |

10



Transformer Couch Manual

**1b.** a transverse member comprising a frame assembly and **at least one foot** coupled to an underside of the frame assembly of the transverse member, wherein the at least one foot of the transverse member elevates the frame assembly of the transverse member above the floor, the transverse member having **at least one aperture** formed therein; and

Transformer Couch Manual



Transformer Couch Manual

**1c. a coupler** detachably coupling the transverse member to the base when the base and the transverse member are positioned on the floor and the apertures of the base and the transverse member are substantially aligned, wherein the transverse member can be detachably coupled to the base in a first position with respect to the base so as to form a first furniture assembly, and wherein the transverse member can be detachably coupled to the base in a second position with respect to the base so as to form a second furniture assembly, wherein the coupler is pushed downward coupling the transverse member to the base thereby allowing the coupler to be inserted or removed while the base and the transverse member are positioned on the floor in an upright orientation.



Transformer Couch Manual

RLF1 30475293v.1



https://transformertable.com/pages/modular-sectional-sofas-and-couches

34.   Additionally, Defendants have and continue to indirectly infringe the '885 Patent, in violation of 35 U.S.C. § 271(b), by actively inducing users of the Accused Products to directly infringe the asserted claims of the '885 Patent.  In particular, (a) Defendants have actual knowledge of the '885 Patent, at least because Lovesac notified Defendants of their infringement, (b) Defendants intentionally cause, urge, or encourage users of the Accused Products to directly infringe one or more claims of the '885 Patent by promoting, advertising, and instructing customers and potential customers about the Accused Products and uses thereof, including infringing uses, (c) Defendants know (or should know) that their actions will induce users of Accused Products to directly infringe one or more claims the '885 Patent, and (d) users of the Accused Products directly infringe one or more claims of the '885 Patent.

35.   Additionally, Defendants have and continue to indirectly infringe one or more of the claims of the '885 Patent, in violation of 35 U.S.C. § 271(c), by offering to sell or selling within the United States, and/or importing into the United States, components in connection with the Accused Products that contribute to the direct infringement of the '885 Patent by users of the Accused Products.  In particular, (a) Defendants have actual knowledge of the '885 Patent, (b) Defendants offer for sale, sell, and/or import, in connection with the Accused Products, one or

13

more material components of the invention of the '885 Patent that are not staple articles of commerce suitable for substantial non-infringing use, (c) Defendants know (or should know) that such component(s) were especially made or especially adapted for use in an infringement of the '885 Patent, and (d) users of devices that comprise such material component(s) directly infringe one or more claims of the '885 Patent.

36.     Defendants' infringement of the '885 Patent is also willful because Defendants (a) had actual knowledge of the '885 Patent, (b) engaged in the aforementioned activity despite an objectively high likelihood that their actions constitute infringement of the '885 Patent, and (c) this objective risk was either known or so obvious that it should have been known to Defendants.

37.     Lovesac is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '885 Patent.

38.     Lovesac is entitled to recover from Defendants all damages that Lovesac has sustained as a result of Defendants' infringement of the '885 Patent, including, without limitation, a reasonable royalty and lost profits.

39.     Defendants' infringement of the '885 Patent was and continues to be willful and deliberate, entitling Lovesac to enhanced damages.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,419,220

40.     Lovesac incorporates all of the allegations of the preceding paragraphs as if fully set forth herein.

41.     On September 2, 2008, the United States Patent Office duly and legally issued the '220 Patent. A true and correct copy of the '220 Patent is attached as Exhibit B.

42.     Lovesac owns all rights in the '220 Patent.

43.     Lovesac provided actual notice to Defendants of their infringement of the '220 Patent prior to the filing of this lawsuit.

44.     As a non-limiting example, set forth below is an exemplary infringement claim chart for claim 1 of the '220 Patent in connection with the Accused Products.  This claim chart is based on publicly available information, and Lovesac reserves the right to modify this claim chart, including, for example, on the basis of information about the Accused Products that Lovesac obtains in discovery.

| US 7,419,220 | Accused Products |
|---|---|
| **Claim 1** ||
| **1P.** A modular furniture assembly, comprising: | <br>https://transformertable.com/pages/modular-sectional-sofas-and-couches |

**1a.** a base comprising a frame assembly and **at least one foot** coupled to an underside of the frame assembly, wherein the at least one foot elevates at least a portion of the frame assembly above a floor upon which the base is positioned, the frame assembly having **at least one aperture** formed therein;



Transformer Couch Manual

Transformer Couch Manual

RLF1 30475293v.1

| | |
|---|---|
| **1b.** a base liner adapted to cover the frame assembly of the base; | <br>**Install the fabric cover onto the seat base**<br>Installez la housse en tissu sur la base du siège<br>Instale la funda al asiento base<br><br>Transformer Couch Manual |
| **1c.** a transverse member comprising a frame assembly and **at least one foot** coupled to an underside of the frame assembly of the transverse member, wherein the at least one foot of the transverse member elevates the frame assembly of the transverse member above the floor, the transverse member having **at least one aperture** formed therein; | <br>Transformer Couch Manual |

17



| | |
|---|---|
| | Transformer Couch Manual |
| **1d.** a transverse member liner adapted to cover the frame assembly of the transverse member; and | Transformer Couch Manual |

RLF1 30475293v.1

| | |
|---|---|
| **1e. a coupler** detachably coupling the transverse member to the base when the base and the transverse member are positioned on the floor and the apertures of the base and the transverse member are substantially aligned, wherein the transverse member can be detachably coupled to the base in a first position with respect to the base so as to form a first furniture assembly, and wherein the transverse member can be detachably coupled to the base in a second position with respect to the base so as to form a second furniture assembly, wherein the coupler is pushed downward coupling the transverse member to the base thereby allowing the coupler to be inserted or removed while the base and the transverse member are positioned on the floor in an upright orientation. | Transformer Couch Manual<br><br>https://transformertable.com/pages/modular-sectional-sofas-and-couches |

45.     Additionally, Defendants have and continue to indirectly infringe the '220 Patent, in violation of 35 U.S.C. § 271(b), by actively inducing users of the Accused Products to directly infringe the asserted claims of the '220 Patent.  In particular, (a) Defendants have actual knowledge of the '220 Patent, at least because Lovesac notified Defendants of their infringement, (b) Defendants intentionally cause, urge, or encourage users of the Accused Products to directly infringe one or more claims of the '220 Patent by promoting, advertising, and instructing customers and potential customers about the Accused Products and uses thereof, including infringing uses, (c) Defendants know (or should know) that their actions will induce users of Accused Products to directly infringe one or more claims the '220 Patent, and (d) users of the Accused Products directly infringe one or more claims of the '220 Patent.

RLF1 30475293v.1

46.     Additionally, Defendants have and continue to indirectly infringe one or more of the claims of the '220 Patent, in violation of 35 U.S.C. § 271(c), by offering to sell or selling within the United States, and/or importing into the United States, components in connection with the Accused Products that contribute to the direct infringement of the '220 Patent by users of the Accused Products.  In particular, (a) Defendants have actual knowledge of the '220 Patent, (b) Defendants offer for sale, sell, and/or import, in connection with the Accused Products, one or more material components of the invention of the '220 Patent that are not staple articles of commerce suitable for substantial non-infringing use, (c) Defendants know (or should know) that such component(s) were especially made or especially adapted for use in an infringement of the '220 Patent, and (d) users of devices that comprise such material component(s) directly infringe one or more claims of the '220 Patent.

47.     Defendants' infringement of the '220 Patent is also willful because Defendants (a) had actual knowledge of the '220 Patent, (b) engaged in the aforementioned activity despite an objectively high likelihood that their actions constitute infringement of the '220 Patent, and (c) this objective risk was either known or so obvious that it should have been known to Defendants.

48.     Lovesac is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '220 Patent.

49.     Lovesac is entitled to recover from Defendants all damages that Lovesac has sustained as a result of Defendants' infringement of the '220 Patent, including, without limitation, a reasonable royalty and lost profits.

50.     Defendants' infringement of the '220 Patent was and continues to be willful and deliberate, entitling Lovesac to enhanced damages.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 10,806,261

51.     Lovesac incorporates all of the allegations of the preceding paragraphs as if fully set forth herein.

52.     On October 20, 2020, the United States Patent Office duly and legally issued the '261 Patent. A true and correct copy of the '261 Patent is attached as Exhibit C.

53.     Lovesac owns all rights in the '261 Patent.

54.     Lovesac provided actual notice to Defendants of their infringement of the '261 Patent prior to the filing of this lawsuit.

55.     As a non-limiting example, set forth below is an exemplary infringement claim chart for claim 1 of the '261 Patent in connection with the Accused Products.  This claim chart is based on publicly available information, and Lovesac reserves the right to modify this claim chart, including, for example, on the basis of information about the Accused Products that Lovesac obtains in discovery.

| US 10,806,261 | Accused Products |
|---|---|
| **Claim 1** ||
| **1P.** A modular furniture assembly comprising: | Endless Configurations. Storage. Possibilities. <br><br> https://transformertable.com/pages/modular-sectional-sofas-and-couches |

| | |
|---|---|
| **1a.** a **base member**; |   Transformer Couch Manual |
| **1b.** a **transverse member** having a **hole therein**, wherein the height of the transverse member is substantially greater than the height of the **base**; and |   Transformer Couch Manual |
| **1c.** a **coupler** configured to selectively couple the base to the transverse member, wherein the coupler selectively extends through the hole to thereby couple the base to the transverse member. |   Transformer Couch Manual |

56.     Additionally, Defendants have and continue to indirectly infringe the '261 Patent, in violation of 35 U.S.C. § 271(b), by actively inducing users of the Accused Products to directly infringe the asserted claims of the '261 Patent.  In particular, (a) Defendants have actual knowledge of the '261 Patent, at least because Lovesac notified Defendants of their infringement, (b) Defendants intentionally cause, urge, or encourage users of the Accused Products to directly infringe one or more claims of the '261 Patent by promoting, advertising, and instructing customers and potential customers about the Accused Products and uses thereof, including infringing uses, (c) Defendants know (or should know) that their actions will induce users of Accused Products to directly infringe one or more claims the '261 Patent, and (d) users of the Accused Products directly infringe one or more claims of the '261 Patent.

57.     Additionally, Defendants have and continue to indirectly infringe one or more of the claims of the '261 Patent, in violation of 35 U.S.C. § 271(c), by offering to sell or selling within the United States, and/or importing into the United States, components in connection with the Accused Products that contribute to the direct infringement of the '261 Patent by users of the Accused Products.  In particular, (a) Defendants have actual knowledge of the '261 Patent, (b) Defendants offer for sale, sell, and/or import, in connection with the Accused Products, one or more material components of the invention of the '261 Patent that are not staple articles of commerce suitable for substantial non-infringing use, (c) Defendants know (or should know) that such component(s) were especially made or especially adapted for use in an infringement of the '261 Patent, and (d) users of devices that comprise such material component(s) directly infringe one or more claims of the '261 Patent.

58.     Defendants' infringement of the '261 Patent is also willful because Defendants (a) had actual knowledge of the '261 Patent, (b) engaged in the aforementioned activity despite an

objectively high likelihood that their actions constitute infringement of the '261 Patent, and (c) this objective risk was either known or so obvious that it should have been known to Defendants.

59.     Lovesac is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '261 Patent.

60.     Lovesac is entitled to recover from Defendants all damages that Lovesac has sustained as a result of Defendants' infringement of the '261 Patent, including, without limitation, a reasonable royalty and lost profits.

61.     Defendants' infringement of the '261 Patent was and continues to be willful and deliberate, entitling Lovesac to enhanced damages.

**COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 7,963,612**

62.     Lovesac incorporates all of the allegations of the preceding paragraphs as if fully set forth herein.

63.     On June 21, 2011 the United States Patent Office legally issued the '612 Patent.  A true and correct copy of the '612 Patent is attached as Exhibit D.

64.     Lovesac owns all rights in the '612 Patent.

65.     Lovesac provided actual notice to Defendants of their infringement of the '612 Patent prior to the filing of this lawsuit.

66.     As a non-limiting example, set forth below is an exemplary infringement claim chart for claim 8 of the '612 Patent in connection with the Accused Products.  This claim chart is based on publicly available information, and Lovesac reserves the right to modify this claim chart, including, for example, on the basis of information about the Accused Products that Lovesac obtains in discovery.

| US 7,963,612 | Accused Products |
|---|---|
| **Claim 8** ||
| **1P.** A modular furniture assembly comprising: |  **Endless Configurations. Storage. Possibilities.** https://transformertable.com/pages/modular-sectional-sofas-and-couches |
| **1a.** a base member having a rectangular shape, the base member having a **length "B"**; |  Transformer Couch Manual |
| **1b.** at least one first transverse member having a rectangular shape, the first transverse member having (i) a **length "A"** and (ii) a **width "C"**; |  Transformer Couch Manual |

**1c.** at least one second transverse member having a rectangular shape, the second transverse member having a **length that is equal to "B"**; and (ii) a **width "C,"** wherein the length "A" is greater than the length "B";



Transformer Couch Manual

As pictured below, the bases of the Accused Products have equal length and width (32" x 32"):





| | |
|---|---|
| **1d.** a **first coupler** removably coupling the at least one first transverse member to the base member; and |   Transformer Couch Manual |
| **1e.** a **second coupler** removably coupling the at least one second transverse member to the base member; | Transformer Couch Manual |
| **1f**. wherein **"A"** is substantially equal to the sum of **"B"** and **"C"**; and | Transformer Couch Manual  As pictured below, the bases of the Accused Products have equal length and width (32" x 32"): |



**1g.** wherein a height of the at least one first transverse member and a height of the at least one second transverse member are substantially greater than a height of the base member.

Transformer Couch Manual

67.     Additionally, Defendants have and continue to indirectly infringe the '612 Patent, in violation of 35 U.S.C. § 271(b), by actively inducing users of the Accused Products to directly infringe the asserted claims of the '612 Patent.  In particular, (a) Defendants have actual knowledge of the '612 Patent, at least because Lovesac notified Defendants of their infringement, (b) Defendants intentionally cause, urge, or encourage users of the Accused Products to directly infringe one or more claims of the '612 Patent by promoting, advertising, and instructing customers and potential customers about the Accused Products and uses thereof, including infringing uses, (c) Defendants know (or should know) that their actions will induce users of Accused Products to directly infringe one or more claims the '612 Patent, and (d) users of the Accused Products directly infringe one or more claims of the '612 Patent.

68.     Additionally, Defendants have and continue to indirectly infringe one or more of the claims of the '612 Patent, in violation of 35 U.S.C. § 271(c), by offering to sell or selling within the United States, and/or importing into the United States, components in connection with the Accused Products that contribute to the direct infringement of the '612 Patent by users of the Accused Products.  In particular, (a) Defendants have actual knowledge of the '612 Patent, (b) Defendants offer for sale, sell, and/or import, in connection with the Accused Products, one or more material components of the invention of the '612 Patent that are not staple articles of commerce suitable for substantial non-infringing use, (c) Defendants know (or should know) that such component(s) were especially made or especially adapted for use in an infringement of the '612 Patent, and (d) users of devices that comprise such material component(s) directly infringe one or more claims of the '612 Patent.

69.     Defendants' infringement of the '612 Patent is also willful because Defendants (a) had actual knowledge of the '612 Patent, (b) engaged in the aforementioned activity despite an objectively high likelihood that their actions constitute infringement of the '612 Patent, and (c) this objective risk was either known or so obvious that it should have been known to Defendants.

70.     Lovesac is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '612 Patent.

71.     Lovesac is entitled to recover from Defendants all damages that Lovesac has sustained as a result of Defendants' infringement of the '612 Patent, including, without limitation, a reasonable royalty and lost profits.

72.     Defendants' infringement of the '612 Patent was and continues to be willful and deliberate, entitling Lovesac to enhanced damages.

### COUNT V – INFRINGEMENT OF U.S. PATENT NO. 11,253,073

73.     Lovesac incorporates all of the allegations of the preceding paragraphs as if fully set forth herein.

74.     On February 22, 2022, the United States Patent Office duly and legally issued the '073 Patent.  A true and correct copy of the '073 Patent is attached as Exhibit E.

75.     Lovesac owns all rights in the '073 Patent.

76.     Lovesac provided actual notice to Defendants of their infringement of the '073 Patent prior to the filing of this lawsuit.

77.     As a non-limiting example, set forth below is an exemplary infringement claim chart for claim 1 of the '073 Patent in connection with the Accused Products.  This claim chart is based on publicly available information, and Lovesac reserves the right to modify this claim chart,

including, for example, on the basis of information about the Accused Products that Lovesac obtains in discovery.

| US 11,253,073 | Accused Products |
|---|---|
| **Claim 1** | |
| **1P.** A modular furniture assembly comprising: |  <br> https://transformertable.com/pages/modular-sectional-sofas-and-couches |
| **1a.** a base defining a seating surface; |  <br> Transformer Couch Manual |

| | |
|---|---|
| **1b.** a transverse member having a **hole** therein, wherein a height of the transverse member is substantially greater than the height of the seating surface of the base; |   Transformer Couch Manual |
| **1c.** wherein the base includes a **frame assembly**, the frame assembly defining a **storage compartment** providing a convenient storage area in which a user can store desired items; and |   **Each couch section serves as storage**  Transformer Couch Manual |
| **1d.** a **coupler** configured to selectively couple the base to the transverse member, wherein the coupler selectively extends through the **hole** of the transverse member to thereby couple the base to the transverse member. |   Transformer Couch Manual |

78.     Additionally, Defendants have and continue to indirectly infringe the'073 Patent, in violation of 35 U.S.C. § 271(b), by actively inducing users of the Accused Products to directly infringe the asserted claims of the '073 Patent.  In particular, (a) Defendants have actual knowledge of the '073 Patent, at least because Lovesac notified Defendants of their infringement, (b) Defendants intentionally cause, urge, or encourage users of the Accused Products to directly infringe one or more claims of the '073 Patent by promoting, advertising, and instructing customers and potential customers about the Accused Products and uses thereof, including infringing uses, (c) Defendants know (or should know) that their actions will induce users of Accused Products to directly infringe one or more claims the '073 Patent, and (d) users of the Accused Products directly infringe one or more claims of the '073 Patent.

79.     Additionally, Defendants have and continue to indirectly infringe one or more of the claims of the '073 Patent, in violation of 35 U.S.C. § 271(c), by offering to sell or selling within the United States, and/or importing into the United States, components in connection with the Accused Products that contribute to the direct infringement of the '073 Patent by users of the Accused Products.  In particular, (a) Defendants have actual knowledge of the '073 Patent, (b) Defendants offer for sale, sell, and/or import, in connection with the Accused Products, one or more material components of the invention of the '073 Patent that are not staple articles of commerce suitable for substantial non-infringing use, (c) Defendants know (or should know) that such component(s) were especially made or especially adapted for use in an infringement of the '073 Patent, and (d) users of devices that comprise such material component(s) directly infringe one or more claims of the '073 Patent.

80.     Defendants' infringement of the '073 Patent is also willful because Defendants (a) had actual knowledge of the '073 Patent, (b) engaged in the aforementioned activity despite an

objectively high likelihood that their actions constitute infringement of the '073 Patent, and (c) this objective risk was either known or so obvious that it should have been known to Defendants.

81.     Lovesac is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '073 Patent.

82.     Lovesac is entitled to recover from Defendants all damages that Lovesac has sustained as a result of Defendants' infringement of the '073 Patent, including, without limitation, a reasonable royalty and lost profits.

83.     Defendants' infringement of the '073 Patent was and continues to be willful and deliberate, entitling Lovesac to enhanced damages.

## PRAYER FOR RELIEF

Wherefore, Lovesac respectfully prays that the Court enter judgment in its favor and award the following relief against the Defendants:

A.     A judgment that Defendants have infringed one or more claims of the Asserted Patents literally and/or under the doctrine of equivalents;

B.     An award of damages pursuant to 35 U.S.C. § 284;

C.     Entry of an injunction against further infringement of the Asserted Patents;

D.     A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and an award of Lovesac's reasonable attorneys' fees in this litigation;

E.     An award of prejudgment and post-judgment interest on Lovesac's damages;

F.     An award of costs; and

G.     Any such other and further relief as the Court deems proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury

trial on all matters triable to a jury.


OF COUNSEL:

Brian N. Platt

Chad E. Nydegger

Collin D. Hansen

**WORKMAN NYDEGGER**

60 East South Temple Suite 1000

Salt Lake City, UT 84111

(801) 533-9800

bplatt@wnlaw.com

cnydegger@wnlaw.com

chansen@wnlaw.com

*/s/ Kelly E. Farnan*

Kelly E. Farnan (#4395)

Sara M. Metzler (#6509)

RICHARDS, LAYTON & FINGER, P.A.

One Rodney Square

920 North King Street

Wilmington, DE 19801

(302) 651-7700

farnan@rlf.com

metzler@rlf.com

*Attorneys for Plaintiff The Lovesac Company*


Dated:  January 24, 2024