## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE LOVESAC COMPANY, | ) |
| *Plaintiff*, | ) C.A. No. 24-088-CFC |
| vs. | ) |
| | ) **JURY TRIAL DEMANDED** |
| TRANSFORMER TABLE, INC. and | ) |
| TRANSFORMER TABLE, INC., | ) |
| *Defendants*. | ) |

## STIPULATED PERMANENT INJUNCTION

On this day, the Court considered the parties' stipulated Permanent Injunction. After consideration of the parties' stipulated motion, and for good cause shown, the court makes the following findings of fact and conclusions of law:

## THE PARTIES

1. Plaintiff The Lovesac Company is a Delaware corporation with a registered agent at 251 Little Falls Dr., Wilmington, DE 19808 and a principal place of business at Two Landmark Square, Suite 300, Stamford, CT 06901.

2. Defendant Transformer Table, Inc. is a Canadian corporation with a principal place of business at 330 Av Avro, Pointe-Claire, QC H9R 5W5, Canada.

3. Defendant Transformer Table USA, Inc. is a Delaware corporation with a registered agent, CorpoMax Inc., located at 2915 Ogletown Rd, Newark, DE 19713.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks).

5.  This Court has personal jurisdiction over Defendants because Defendants maintain a principal place of business in this judicial district and because the Defendants do business and sell products in this judicial district.

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because the Defendants maintain a principal place of business in this judicial district and are subject to personal jurisdiction in this judicial district.

## PATENT INFRINGEMENT

7.  Plaintiff Lovesac is the owner of U.S. Patents Nos. 7,213,885 (the "'885 Patent"), 7,419,220 (the "'220 Patent"), 10,806,261 (the "'261 Patent"), 7,963,612 (the "'612 Patent"), and 11,253,073 (the "'073 Patent" and collectively, the "Asserted Patents"). The Defendants do not dispute Lovesac's ownership of the Asserted Patents.

8.  Plaintiff Lovesac represents that the claims of each of the Asserted Patents are valid and enforceable. The Defendants do not dispute that the Asserted Patents are valid and enforceable.

9.  Plaintiff Lovesac claims that certain products sold by the Defendants

under the brand name Transformer Couch™ (the "Accused Products") infringe at least one claim of the Asserted Patents:



https://transformertable.com/collections/transformer-modular-couch

10. For the purposes of this stipulated permanent injunction, the Defendants do not dispute that the Accused Products infringe at least one claim of the Asserted Patents.

11. Defendants agree not to sell any Accused Products.

12. Defendants agree to entry of the Permanent Injunction below.

3

## **PERMANENT INJUNCTION**

13. Defendants, together with their officers, agents, servants, employees, and any other persons acting in active concert or participation with them who receives actual notice of this injunction, by personal service or otherwise, are hereby permanently enjoined from directly or indirectly making, having made, using, selling, advertising, manufacturing, importing, or distributing the Accused Products, or any colorable imitation thereof, which infringes, literally or equivalently, any claim of the Asserted Patents until the last patent to expire of the Asserted Patents is no longer in force.

14. All parties shall bear their respective attorneys' fees and costs. The terms of the Settlement Agreement between the parties and this Judgment are to be construed together.

15. The Court shall maintain jurisdiction over this action for purposes of enforcement of this Permanent Injunction and the Settlement Agreement between the parties.

SO ORDERED, this 12th day of June, 2024.

_____
Chief United States District Judge